# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR F 07-316 LJO |
|---|---|
| Plaintiff, | **ORDER ON RECONSIDERATION MOTION** (Doc. 295) |
| vs. | |
| ANDY LIENG, | |
| Defendant. | |

## BACKGROUND

On April 26, 2012, the United States of America ("the government") filed a motion to preclude defendant Andy Lieng ("Mr. Lieng") from calling expert witness Eric Clay ("Mr. Clay") to testify at the trial scheduled to commence on Tuesday, May 1, 2012. The government moved for a preclusion order pursuant to Fed. R. Crim. P. 16(d)(2)(C), based on the asserted failure of Mr. Lieng to comply with Fed. R. Crim. P. 16(b)(1)(C).

The government's motion was based on the following factual assertions: the government moved for reciprocal discovery on February 8, 2008; the government provided nearly 6,000 pages of discovery and 126 pages of *Jencks* material to Mr. Lieng; the government has identified its expert witnesses, provided their qualifications, and summarized their opinions for the defense; the government received no reciprocal discovery from Mr. Lieng; the government first learned that Mr. Lieng intended to call an expert witness on April 24, 2012, when Mr. Lieng filed his witness list; later that evening, the government requested a written summary of the expert testimony; on April 26, 2012, Mr. Lieng sent a letter to the government with the following: "Mr. Clay has yet to review all of the relevant documents, but I anticipate he will testify to his opinion based on the documents he has reviewed." The government moved to exclude Mr. Clay as an expert witness, arguing the "bare bones disclosure, if that, does not comply with Rule 16."

On April 27, 2012, this Court granted the government's motion to preclude the testimony of Mr. Clay. Having read and reviewed the government's motion and attachment thereto, and having

1

considered the record, this Court agreed that Mr. Lieng's "disclosure" and "summary" failed to comply with Fed. R. Crim. P. 16. Accordingly, the Court ruled that Mr. Lieng was precluded from calling Mr. Clay as a witness in the May 1, 2012 trial.

On the same day, Mr. Lieng filed a motion for reconsideration. Mr. Lieng argues that pursuant to the plain meaning of Fed. R. Crim. P. 16(b)(1)(C), he was not required to provide the government with a written summary unless one of two occurrences were triggered. Mr. Lieng argues that because neither of the two occurrences triggered his requirement to provide the government with a summary of his expert witness' testimony, the Court erred to grant the preclusion motion.

The government opposed Mr. Lieng's reconsideration motion, arguing that Mr. Lieng's reconsideration motion is based on factually incorrect statements.

Having considered the parties' arguments, the applicable authorities and the record, this Court issues the following order.

## DISCUSSION

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999), cert. denied, 490 U.S. 1059 (1989). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist*., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). There may be other highly unusual circumstances warranting reconsideration. *Id*. Denial of reconsideration is reviewed for abuse of discretion. *Id*. at 1262.

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that the:

> defendant must, as the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial if–
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony of the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]

Accordingly, Mr. Lieng was required to provide the government a written summary of Mr. Clay's testimony if (1) Mr. Lieng requested disclosure under Fed. R. Crim. P. 16(a)(1)(G); (2) the government complied with the request; and (3) the government requested a written summary.

The Court found that the government established that Mr. Lieng was required to comply with Fed. R. Crim. P. 16 and that he failed to do so. The government had established in its moving papers that it has requested reciprocal discovery and requested a written summary and that Mr. Lieng failed to provide a summary that was compliant with Fed. R. Crim. P. 16.

Mr. Lieng's reconsideration request fails, because it is based on the factual assertion that he never requested disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G). This factual assertion is incorrect. Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to provide to the defendant a written summary of any testimony of its expert witnesses upon the defendants request. On February 1, 2008, Mr. Lieng, by and through a different attorney, requested that the government disclose "the name and address of any person who will testify as an expert witness, as well as a written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief." (Doc. 16). Accordingly, and pursuant to the record, Mr. Lieng *did* make the request pursuant to Fed. R. Crim. P. 16(a)(1)(G).

In reply, Mr. Lieng concedes that his prior counsel previously made the request for discovery. He submits, however, that the request was made by prior counsel in excess of four years ago and that current counsel was unaware of said request until the government provided the reference in its opposition to the current motion. Mr. Lieng also asserts that Mr. Clay has had an opportunity to review evidence in this matter and for the first time is able to provide the government with a summary of the

proposed expert testimony. Mr. Lieng attaches a copy of the proposed revised summary to the reply. This Court cannot consider this new summary in this motion, however, as this Court does not consider new facts or arguments raised in reply to a motion. If Mr. Lieng wishes to seek relief based on these new facts or arguments, Mr. Lieng must do so by separate request. This Court's order is based on the original grounds of the motion.

Because the defendant requested disclosure on February 1, 2008, the government complied with the request, and the government made a reciprocal request on February 8, 2008, Mr. Lieng was required to comply with Fed. R. Crim. P. 16(b)(1)(C). Compliance with this rule required Mr. Lieng to provide to the government a summary of Mr. Clay's expected testimony. The summary provided was untimely and insufficient to comply with the rule. The expert witness testimony summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]" Fed. R. Crim. P. (b)(1)(C). The summary provided to the government reads in full: "Mr. Clay has yet to review all of the relevant documents, but I anticipate he will testify to his opinion based on the documents he has reviewed." This summary neither describes Mr. Clay's opinions, the bases or reasons for these opinions, or Mr. Clay's qualifications. Accordingly, Mr. Lieng correctly granted the government's motion to preclude Mr. Clay's testimony for failure to comply with Fed. R. Crim. P. 16.

Because Mr. Lieng failed to comply with Fed. R. Crim. P. 16(b)(1)(C), the Court properly granted the government's motion to preclude the testimony of Mr. Clay pursuant to Fed. R. Crim. P. 16(d)(2)(C). Mr. Lieng's reconsideration motion, which rests on a factually incorrect premise, has failed to persuade this Court to reverse its prior order. Accordingly, Mr. Lieng's reconsideration motion is denied.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court DENIES Mr. Lieng's motion for reconsideration.

Dated: April 27, 2012                     /s/ Lawrence J. O'Neill
                                          HONORABLE LAWRENCE J. O'NEILL
                                          UNITED STATES DISTRICT COURT

4